# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Brunswick Division

In the matter of: )
)                                    Adversary Proceeding
DURANGO GEORGIA PAPER )
COMPANY, et. al., )                  Number 04-2007
(Chapter 11 Case Number 02-21669) )
)
*Debtor* )
)
)
DURANGO GEORGIA PAPER )
COMPANY, et. al. )
)
*Plaintiff* )
)
v. )
)
ANDREWS LAND & TIMBER COMPANY )
)
*Defendant* )

**FILED**
at 11 O'clock & 44 min A M
Date 4/5/05

United States Bankruptcy Court
Savannah, Georgia

## ORDER STRIKING DEFENDANT'S ANSWERS

On October 29, 2002, various creditors filed an involuntary petition against Durango Georgia Paper Company ("Durango") under Chapter 7 of the Bankruptcy Code. On November 19, 2002, Durango consented to the involuntary petition and moved for mandatory conversion of the case to a case under Chapter 11. On January 20, 2004, Durango, as a debtor-in-possession, filed an adversary complaint seeking to avoid and recover preferential transfers made to Andrews Land & Timber Company ("Defendant") in the amount of $94,341.47. The Summons and Complaint were served

on Defendant on January 30, 2004, and required a response within thirty (30) days. Defendant failed to answer or otherwise respond as required. Accordingly, an entry of default was filed on April 9, 2004.

On December 3, 2004, Durango filed a Motion for Entry of Default Judgment which was accompanied by the Affidavit of Neil P. Olack. In the motion Durango requested a default judgment in the amount of $94,342.47 plus accrued and unpaid interests and costs. On December 9, 2004, Defendant filed a document entitled Answers and Affirmative Defenses which was signed by Kelby Andrews, Vice President of Andrews Land and Timber. In the answer Mr. Andrews noted that the, "answers were originally drafted by Andrews Land & Timber's Florida legal counsel, and is [sic] not financially able to retain an attorney in Georgia to defend this lawsuit on our behalf." Answers and Affirmative Defenses, p. 4 (December 9, 2004).

A hearing on Durango's Motion for Default Judgment was originally held on January 7, 2005, and attended by Kelby Andrews. At the hearing, I informed Mr. Andrews that precedent is clear that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel. *See, e.g.* Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985) (*citing* Commercial and Railroad Bank of Vicksburg v. Slocomb, 39 U.S. (14 Pet.) 60, 10 L.Ed. 354 (1840)). While recognizing that Defendant failed to respond to the current adversary complaint in a timely manner, I noted that Defendant still had the right to hire a lawyer and attempt to

set aside the entry of default.

After the hearing, Durango offered to compromise its claim based on the defenses asserted in the pro se answer filed by Kelby Andrews. However, Defendant did not accept such compromise, nor did it respond with a counteroffer. A hearing in this matter was again held on March 11, 2005. No party appeared on behalf of Defendant at the hearing. Defendant has not properly prosecuted its case in the current adversary, did not file a timely answer, did not file an answer over the signature of counsel, and has not sought to set aside the entry of default.

### ORDER

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that Andrew Land & Timber Company's Answers and Affirmative Defenses filed on December 9, 2004, is stricken from the record. Judgment by Default in this case will be entered by a separate Order.

_____
Lamar W. Davis, Jr.
Chief United States Bankruptcy Judge

Dated at Savannah, Georgia
This ____ of April, 2005.

Debtor ATTY STRAIN
Debtor Atty MCCALLUM
Plaintiff WIND DOWN / BRIDGE ASSOC.
Pltf Atty OLACK
Defendant ANDREWS LAND & TIMBER CO.
ATTY JEFFREY R. DOLLINGER
U.S. Trustee JAMES

3